IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JIMMY L. FIELDS, SR., : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | Civil Action No. |
| : | **7:05-CV-11 (RLH)** |
| JO ANNE B. BARNHART, : | |
| Commissioner of Social Security, : | |
| : | |
| Defendant. : | |

## ORDER

The plaintiff herein filed an application for disability, disability insurance benefits and Supplemental Security Income benefits on October 27, 2000; this application was denied initially and upon reconsideration, and the plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held on April 8, 2003. In a decision dated June 9, 2003, the ALJ denied plaintiff's claim. The Appeals Council affirmed the ALJ's decision, making it the final decision of the Commissioner. The plaintiff subsequently filed an appeal to this court. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted. Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment. The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals. 28 U.S.C. § 636(c)(3).

DISCUSSION

In reviewing the final decision of the Commissioner, this court must evaluate both whether

the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue.  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971).  In reviewing the ALJ's decision for support by substantial evidence, this court may not re-weigh the evidence or substitute its judgment for that of the Commissioner.  "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."  Bloodsworth, 703 F.2d at 1239.  "In contrast, the [Commissioners'] conclusions of law are not presumed valid....The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  Cornelius, 936 F.2d at 1145-1146.

20 C.F.R. § 404.1520 (1985) provides for a sequential evaluation process to determine whether a claimant is entitled to Social Security disability benefits.  The Secretary employs the following step-by-step analysis in evaluating a claimant's disability claims:  (1) whether the claimant is engaged in gainful employment;  (2) whether claimant suffers from a severe impairment which has lasted or can be expected to last for a continuous period of at least twelve months;  (3) whether claimant suffers from any of the impairments set forth in the listings of impairments provided in Appendix 1;  (4) whether the impairments prevent claimant from returning to his previous work;  and (5) whether claimant is disabled in light of age, education,

and residual functional capacity. Ambers v. Heckler, 736 F.2d 1467, 1470-71 (11th Cir.1984). Should a person be determined disabled or not disabled at any stage of the above analysis, further inquiry pursuant to the analysis ceases. Accordingly, if a claimant's condition meets an impairment set forth in the listings, the claimant is adjudged disabled without considering age, education, and work experience. 20 C.F.R. § 404.1520(d).

The ALJ concluded that plaintiff had "severe" impairments of hypertension, anxiety disorder, depression, and atypical chest pain, but that plaintiff retained the residual functional capacity to perform light and sedentary unskilled work, which included his past relevant work as a desk clerk and was therefore not disabled.

Plaintiff states that the ALJ discounted his credibility without adequately stating his reasons for doing so.

Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir.1991), requires that an ALJ apply a three part "pain standard" when a claimant attempts to establish disability through his or her own testimony of pain or other subjective symptoms.

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain. A claimant may establish that her pain is disabling through objective medical evidence that an underlying medical condition exists that could reasonably be expected to produce the pain.

20 C.F.R. S 404.1529 provides that once such an impairment is established, all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability. Foote v. Chater, 67 F.3d 1553,1560-1561 (11th Cir. 1995).

A claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability.  Holt v. Sullivan, supra at page 1223;  Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir.1987). Where the claimant's testimony is critical, the fact finder must articulate specific reasons for questioning a claimant's credibility. "[D]isregard of such complaints without articulating the reason is inappropriate because it deprives the reviewing court of the ability to determine the validity of that action.  When rejecting the credibility of a claimant's testimony, an ALJ must articulate the grounds for that decision."  Caulder v. Bowen, 791 F.2d 872, 880 (11th Cir.1986).

The ALJ stated in his Findings that he found "the claimant's allegations regarding his limitations not totally credible for the reasons set forth in the body of the decision."  (Tr. 27). However, while the ALJ did discuss plaintiff's testimony and complaints within th body of the decision, he did so in the context of discussing medical evidence that actually supported plaintiff's complaints.  For example, the ALJ noted that plaintiff testified his blood pressure was high every day, and then states that "[e]levated blood pressure is noted throughout the record."  (Tr. 22).  The ALJ also noted plaintiff's complaints of trouble sleeping, and states that "[records document reports of a sleep disturbance and sleep aids have been prescribed."  (Tr. 8).

No where in his opinion does the ALJ point out why plaintiff's complaints are not credible, how the medical evidence does not support plaintiff's complaints or their severity, or any discrepancy between plaintiff's testimony and the medical evidence.

The Commissioner argues that the credibility finding is implicit in the ALJ's finding of plaintiff's residual functional capacity.  In addition, the Commissioner argues that the Eleventh Circuit has declared that there is no requirement for an explicit finding as to credibility, as long

as the implication is obvious to the reviewing court. Dyer v. Barnhart, 396 F.3d 1206, 1210 (11th cir. 2005).  However, in this case, it is not obvious to this court.  From making a statement that plaintiff's testimony is not credible, the ALJ then refers to a body of discussion that appears to explicitly support at least some of plaintiff's subjective complaints.

> If a claimant testifies as to his subjective complaints of disabling pain and other symptoms, as Dyer did here, the ALJ must clearly "articulate explicit and adequate reasons" for discrediting the claimant's allegations of completely disabling symptoms. Foote, 67 F.3d at 1561-62. "Although this circuit does not require an explicit finding as to credibility, ... the implication must be obvious to the reviewing court." 67 F.3d at 1562 (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir.1983)). The credibility determination does not need to cite " 'particular phrases or formulations' " but it cannot merely be a broad rejection which is " 'not enough to enable [the district court or this Court] to conclude that [the ALJ] considered her medical condition as a whole.' " Foote, 67 F.3d at 1561 (quoting Jamison v. Bowen, 814 F.2d 585, 588-90 (11th Cir.1987)).

Dyer, supra.

   It is difficult from the face of the decision to determine what factors the ALJ took into consideration in finding that plaintiff was not credible, as the ALJ made explicit findings that at least some of plaintiff's complaints were supported by the medical evidence.  The decision is silent as to what complaints were not deemed credible or why they were not deemed credible.

   Inasmuch as the Commissioner's final decision in this matter is not supported by substantial evidence, it is ORDER of the undersigned that the Commissioner's decision be **REMANDED** pursuant to Sentence Four of § 405 (g) for further consideration in light of this opinion.

**SO ORDERED**, this 22nd day of March, 2006.

                                        //S Richard L. Hodge
                                        RICHARD L. HODGE
                                        UNITED STATES MAGISTRATE JUDGE
msd